THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* PIETRI, DEFEND-
ANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Breach of the Peace.

No. 784.—Decided July 6, 1915.

APPEAL—BRIEF—FUNDAMENTAL ERROR.—The failure of an appellant to file a brief in accordance with rule 42 of this court is bad practice and when it occurs the court will consider only fundamental errors.

NUISANCE—MALODOROUS SUBSTANCE—INJUNCTION.—Courts of equity have enjoined the production of noxious substances on the ground that they are a public nuisance.

RUDE OR INDECENT BEHAVIOR.—Rude or indecent behavior is any impolite action, contrary to the usual rules observed in society, committed by one person against another.

ID.—BREACH OF PEACE—MALODOROUS SUBSTANCES—LAWFUL ASSEMBLAGE.—When a person disseminates foul odors in the presence of another person or persons he is guilty of rude or indecent behavior, because it is an act contrary to the usual rules observed in society, and when, as in the present case, such an act is wilfully and maliciously committed at a meeting of persons lawfully assembled and causes the meeting to dissolve, it constitutes a violation of section 358 of the Penal Code, the object of which is to protect the right of lawful assembly by punishing those who disturb or molest the same by any of the means therein enumerated.

The facts are stated in the opinion.

*Messrs. Fernando B. Fornaris* and *Manuel Tous Soto* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The following complaint was filed in the Municipal Court of Ponce:

"I, Juan Cruz Piris, resident of Ponce, P. R., charge Héctor Pietri with a breach of the public peace, committed in the following manner: That on April 29, 1915, at 9.20 p. m., in the 'Plaza de las Delicias' of the Municipal Judicial District of Ponce, P. R., during a labor meeting which was being held in said square, the said Héctor Pietri wilfully, maliciously, and in an offensive manner, threw among the large number of people there assembled a pot containing a malodorous substance, which caused the assemblage to disperse and forced the orator who was on the platform at the time to suspend his address. As this act is contrary to the law in such case made and provided, I make the foregoing charge before this honorable court for the proper action."

The case having been tried on appeal, the District Court of Ponce rendered judgment convicting the accused of the offense described in section 358 of the Penal Code and sentencing him to pay a fine of $200 and the costs or, in default thereof, to suffer one day's imprisonment for each dollar remaining unpaid, not to exceed ninety days.

The present appeal having been taken by the defendant, the transcript of the record was brought up containing a statement of the case and bill of exceptions, but the defendant has filed no brief although his attorney appeared at the hearing on the appeal.

The failure of an appellant to file a brief in accordance with rule 42 of this court is bad practice and when it occurs we can consider only fundamental errors. *The People* v. *Colon,* 17 P. R. R., 973; *The People* v. *Carrillo,* 19 P. R. R., 335; *The People* v. *Calderón,* 19 P. R. R., 886, and *The People* v. *Laureano,* 20 P. R. R., 7.

In accordance with the doctrine laid down in these cases, especially in the last in which we said that when no brief is filed by the appellant we will consider only such fundamental errors as lack of jurisdiction or failure of the complaint to charge a public offense, we will consider only this last question in the present case inasmuch as counsel did not refer to

the other question in his oral argument and the lower court had jurisdiction.

At the hearing on the appeal counsel for the appellant contended that the act charged in the complaint does not constitute the offense defined by section 358 of the Penal Code under which the defendant was convicted, because the means by which it is alleged that the meeting was dissolved is not provided for in any part of the said section, which reads as follows:

"Every person who wilfully disturbs or disquiets any assemblage of people met for religious worship, or any other purpose not unlawful in character, by noise, profane discourse, rude or indecent behavior, or by any unnecessary noise, either within the place where such meeting is held, or so near as to disturb the order and solemnity of the meeting, is guilty of a misdemeanor; and every person who, without authority of law, wilfully disturbs or breaks up any assembly or meeting, not unlawful in its character, is guilty of a misdemeanor."

We have been unable to find in American jurisprudence a case in which an act similar to that charged against the accused has been brought up for consideration, therefore we must confine ourselves to the language of the statute and the spirit in which the said section was enacted. However, courts of equity have enjoined the production of noxious substances on the ground that they are a public nuisance.

We are of the opinion that the charge comes under that part of the section referring to rude or indecent behavior.

Rude or indecent behavior is any impolite action, contrary to the usual rules observed in society, committed by one person against another. 2 Bouvier's Law Dictionary, 938.

The act charged against the appellant properly comes within the significance of those words of the statute because the creation of foul odors in the presence of another person or persons is an act contrary to the usual rules observed in society; and when, as in the present case, such an act is wil-

fully and maliciously committed at a meeting of persons lawfully assembled and causes the meeting to dissolve, it constitutes a violation of said section 358, the object of which is to protect the right of lawful assembly by punishing those who disturb or molest the same by any of the means therein enumerated.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.